

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLA KIRKSEY | : | CIVIL ACTION |
| DANIEL KIRKSEY | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | NO. 15-5667 |
| et al. | : | |

MEMORANDUM

BEETLESTONE, J.                                                                    OCTOBER 22, 2015

Plaintiffs Carla Kirksey and her son Daniel Kirksey filed this civil action against the Commonwealth of Pennsylvania, the Delaware County CYS Unit, Kim Greenberg, Portia Nicholson, Josephine Morales (identified in the caption as Josephina Morales), and a defendant identified as "Estate."[1] Plaintiffs seek leave to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiffs leave to proceed *in forma pauperis* and dismiss their complaint.

I.   FACTS

The Court understands plaintiffs to be claiming that Daniel Kirksey has been criminally charged in Delaware County with indecent assault of a minor and related charges based on accusations fabricated by his former landlord. *See Commonwealth v. Kirksey*, Docket No. MJ-32238-CR-0000068-2015. The complaint alleges that Daniel's former landlord was upset with him because he recorded a phone conversation that the landlord had with a third party about an individual named Christian, and shared the recording with Christian. Thereafter, the landlord called Carla and expressed a desire to evict Daniel. Carla stated that eviction would be

---

[1] As plaintiffs share a surname, the Court will refer to them by their first names.

inappropriate because Daniel had paid rent. The next month, the landlord told Carla that Daniel had sexually assaulted her minor daughter.

The landlord also called the Delaware County Office of Children and Youth Services ("CYS"). According to the Affidavit of Probable Cause underlying the criminal complaint against Daniel, which is attached to plaintiffs' complaint, Supervisor Kim Greenberg from the CYS Sexual Abuse Unit contacted the police to inform them of the allegation. Greenberg reported that the victim had been examined by a doctor and had recounted the abuse to the doctor. Greenberg stated that she would fax the paperwork to the police department and make arrangements to have the child interviewed.

The victim was subsequently interviewed by CYS case worker Josephine Morales in the presence of Portia Nicholson (another CYS employee) and two police officers. During that interview, the child stated that Daniel "touches her 'hiney' [which she had identified as her privates/vagina] and also said that he touches her 'hiney' with 'tweezers.'" The police officers subsequently spoke with Carla, who stated that the allegations were fabricated, and Daniel, who denied the allegations. Daniel initially indicated that he wanted to take a polygraph test, but changed his mind after retaining counsel. A review of the public docket reflects that the charges against Daniel remain pending.

Plaintiffs filed the complaint in the instant action based on the above facts. The complaint purports to invoke admiralty jurisdiction and lists various federal laws that do not appear to have any application to this case. The complaint does not clearly state the relief plaintiffs seek from the Court. Plaintiffs also filed a document entitled "Straight Bill of Lading Short Form" with the following instructions: "To be filed 'within the admiralty.'"

## II.   STANDARD OF REVIEW

The Court will grant plaintiffs leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees necessary to commence this action.  As plaintiffs are proceeding *in forma pauperis*, the Court must dismiss the complaint if it is frivolous or fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory statements and naked assertions will not suffice. *Id.*  As plaintiffs are proceeding *pro se*, the Court must construe their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

As noted above, plaintiffs brought this case against the Commonwealth of Pennsylvania, CYS, three CYS employees, and an entity identified as "Estate," based on a criminal proceeding filed against Daniel as a result of an allegedly false allegation.  As none of the laws referenced in the complaint—including admiralty law—provide a basis for a cause of action based on the facts alleged in the complaint, the Court will dismiss any claims raised pursuant to those laws as legally frivolous.

The complaint fails even if the Court construes it as raising claims under 42 U.S.C. § 1983, which provides a remedy for constitutional violations committed by state actors.  To have standing to bring a lawsuit, a "plaintiff must have suffered or be imminently threatened with a

concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014). Here, the complaint is based on the defendants' participation in an investigation that led to the initiation of criminal charges against Daniel. Carla lacks standing to bring claims based on that conduct because she was not injured by it.

Daniel's claims also fail. First, there is no legal basis for a § 1983 claim against the Commonwealth of Pennsylvania, because the Eleventh Amendment entitles states to immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

Second, the complaint does not plausibly allege that the CYS employees—Greenberg, Nicholson, and Morales—violated Daniel's constitutional rights. The complaint does not raise any specific allegations against those defendants, instead relying solely on the Affidavit of Probable Cause underlying the criminal complaint, which reflects that the CYS employees reported an allegation of child abuse to the police and investigated that allegation. There is no general right to remain free from child abuse investigations. *Cf. B.S. v. Somerset Cnty.*, 704 F.3d 250, 272 (3d Cir. 2013). To the extent the complaint can be construed to raise a malicious prosecution claim, any such claim fails. As the charges are still pending against Daniel, he cannot establish that the criminal proceeding terminated in his favor, as is necessary to prevail on a malicious prosecution claim. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc).

Third, as the complaint does not plausibly allege a constitutional violation, there is also no basis for a claim against CYS. In any event, the complaint does not allege that a CYS policy or custom caused a violation of Daniel's rights, as is required to state a claim for municipal liability under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Finally, the identity of the defendant "Estate" is unclear and, in any event, there is no apparent basis for a claim against that defendant.

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint. Plaintiffs will not be given leave to file an amended complaint because it does not appear as though they can cure the defects in their claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.

*[signature]*

ENTERED
OCT 22 2015
CLERK OF COURT